IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLENN A. KORNEGAY, }<br>individually and as representative }<br>of all persons similarly situated, }<br>}<br>Plaintiff, }<br>}<br>v. }<br>}<br>BERETTA U.S.A. CORP., }<br>}<br>Defendant. } | CLASS ACTION COMPLAINT<br>(JURY TRIAL DEMANDED)<br><br>Civil Action No. _____ |

## CLASS ACTION COMPLAINT

COMES NOW counsel for the Plaintiff Glenn Kornegay, individually and as representative of all persons similarly situated, and for cause of action against the defendants and states the following:

### INTRODUCTION

1. This is a proposed class action about the Beretta "sticky stock" shotguns and other firearms. Plaintiff Glenn Kornegay, on behalf of himself and the below-defined Class, brings this claim against Berretta U.S.A. Corp. to obtain damages and injunctive relief arising from and relating to Defendant's manufacture and sale of its firearms, including shotguns and rifles, assembled with synthetic stocks and/or synthetic fore-ends that are inlaid with degrading rubberized carbonaceous composite material.

2. According to Defendant, the rubber insert featured on its synthetic stocks enhances the ergonomic fit of its firearms: "Furthermore, we have redesigned the grip and fore-end to be even more ergonomic. Enlarged rubber molded inserts allow for greater grip-surface and minimize transmission of vibrations." In truth, the degradation of the inserts diminishes the fit, handling, and feel of Defendant's firearms.

3. Despite Defendant's marketing claims, after several years of normal and expected use the rubberized inserts on the synthetic stocks degrades to become extremely sticky or tacky to the touch, which impedes and diminishes the ability of Plaintiff and the Class Members to use their Beretta firearms in a manner reasonably expected. Owners of these degraded stocks and fore-ends colloquially refer to this degradation as the "Berretta sticky stock."

4. Defendant's tortious behavior and breach of its contractual duties with respect to its manufacturing, marketing and sale of its firearms has caused Plaintiff and the other Class members to suffer direct financial harm. Beretta's products with the "sticky stock" are not fit for their ordinary and intended use, and do not perform in accordance with Beretta's advertisements, marketing materials and/or implied and written warranties nor do they meet the reasonable expectations of ordinary consumers and members of the Class.

5. Plaintiff asserts claims individually and on behalf of the other members

of the proposed Class.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A) and (C). This case is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Plaintiff, individually, and those similarly situated, as more particularly set forth below, include citizens of States other than Maryland, and Defendant, as more particularly set forth below, is a citizen of Maryland.

7. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b)(1) and (2). The Defendant is a resident of this District under 28 U.S.C. § 1391(c)(2) in that it is an entity subject to this court's personal jurisdiction.

8. Venue is also proper in this District because Defendants have marketed, sold or otherwise disseminated, and continues to market, sell or otherwise disseminate its defective firearms within this District.

## PARTIES

9. Plaintiff Glenn Kornegay is an adult resident of Alabama.

10. Defendant Beretta U.S.A. Corp. ("Beretta") is a Maryland company headquartered in Prince George's County, Maryland.  Beretta may be served via its registered agent at: Steven Biondi, 17601 Beretta Dr Accokeek, MD 20607.

## COMMON FACTUAL ALLEGATIONS

11. Beretta is a preeminent manufacturer and distributor of firearms in the United States, and many of its firearms are sold at retail for over a thousand dollars. As seen in this Beretta Shotgun brochure, below, Defendant commonly describes its firearms as "works of art . . . the real thing . . . with a timeless appeal."



12. Unfortunately, the Defendant's design and manufacturing of its firearms containing the rubber molded inserts falls well short of these claims.

13. Defendant knows that many purchasers of its firearms, including purchasers of its firearms containing the rubber molded inserts, are hunters who will

4

be using its firearms in the outdoors and, indeed, markets its products as being durable and suitable for such uses.

14. The rubber molded inserts of the fore-ends and stocks of its firearms degrades after a few years of normal and expected use.

15. The rubber degrades to the point where it becomes extremely sticky to the touch, impacting the firearms' grip and affecting the ability of Plaintiff and other Class members to use the firearms for their intended purposes.

16. Defendant's current catalog lists several models of firearms featuring the rubber molded inserts.

17. Upon information and belief, Defendant has sold firearms containing rubber molded inserts for at least 20 years.

18. Upon information and belief, Defendant is aware of this issue, yet continues to manufacture, sell and distribute firearms with rubber molded inserts without informing its purchasers that the inserts can degrade after a few years of normal and expected use. At no time or occasion has Beretta warned or instructed its purchasers that the rubber molded inserts on the synthetic stocks and fore-ends degrade or that exposure to the reasonably foreseeable conditions of usage and maintenance would render its firearms with the rubber molded inserts unfit for their intended purposes.

19. In order to fix this issue, Plaintiff and other members of the Class would

have to purchase replacement fore-ends and stocks at significant cost to themselves.

## FACTS SPECIFIC TO PLAINTIFF

20. Plaintiff owns a 12-gauge Beretta shotgun with rubber molded inserts black synthetic stock and fore-end with rubberized inlays.

21. Since purchasing his shotgun, Plaintiff has used his Beretta firearm to hunt a variety of fowl in the outdoors. Plaintiff used his shotgun in a manner reasonably anticipated and intended by Beretta.

22. Despite using his firearm in the manner reasonably anticipated by Beretta, Plaintiff noticed that the rubber molded inserts of his Beretta firearm had degraded, becoming extremely sticky and chipping.

23. This degradation has adversely affected Plaintiff's ability to use his Beretta firearm, because the sticky stock and fore-end was uncomfortable to hold, affecting his natural mounting technique and aim. Like a golf swing or tennis, the mounting, fit and ergonomics of shotgun usage is a matter of long practice and technique. The sticky stock and fore-end renders the firearm nigh impossible to use the long-practiced muscle memory to effectively mount the shotgun to Plaintiff's shoulder and cheek and then swing naturally on the moving target. This manufacturing defect essentially destroys the economic value of Plaintiff's Beretta firearm.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure Rule 23. The requirements of Fed. R. Civ. P. 23(a), (b)(3) and (c)(4) are met with respect to the classes defined as:

> **all United States Persons who have purchased any Beretta firearm with a synthetic stock and fore-end featuring a rubber molded insert, from 1999 through the filing date of this Complaint.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Beretta U.S.A. Corp., its affiliates, employees, officers and directors, persons or persons that distribute or sell Beretta firearms or other products; (c) all persons who properly execute and file a timely request for exclusion from the Classes; and (d) the attorneys of record in this case.

25. *Numerosity*: The Classes are composed of thousands of persons geographically dispersed, the joinder of whom in one action is impractical.

26. *Commonality*: Defendant's practices and omissions were applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. Questions of law and fact common to the Class exists as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual issues include, but are not limited to, the following:

  a. Whether Defendants" design, manufacturing, advertising and/or sale of its firearms with rubber molded inserts was negligent;

7

      b.    Whether Defendant represented and warranted that its firearms with rubber molded inserts complied with their label descriptions and/or were fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and/or warranties disseminated by defendants nor the reasonable expectations of ordinary consumers;

      c.    Whether defendants knew or should have known that its firearms with rubber molded inserts were defective and/or did not conform with their advertisements or label descriptions;

      d.    Whether defendants breached their implied warranties to Plaintiff and other Class members with respect to their firearms with rubber molded inserts;

      e.    Whether, as a result of Defendant's representations, Plaintiff and the other Class members have suffered damages, and, if so, the appropriate measure of those damages to which they are entitled;

      f.    Whether, as a result of Defendant's conduct, Defendant was unjustly enriched;

      g.    Whether Plaintiff and Class members are entitled to punitive damages; and

      h.    Whether, as a result of Defendant's misconduct, Plaintiff and the other Class members are entitled to equitable and/or other relief, and, if so, the nature of such relief.

27.    *Typicality:* Plaintiff's claims are typical of the claims of the other class members. Plaintiff and each of the other Class members have been injured by the same wrongful practices and actions of the defendants. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

28.    *Adequate Representation*: Plaintiff will fully and adequately assert and

protect the interests of the other Class members. In addition, Plaintiff has retained class counsel who are experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiff nor its attorneys have any interests contrary to or conflicting with other Class members' interests.

29. *Predominance and Superiority*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court and Courts throughout the country would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

30. Defendants have also acted or failed to act on grounds generally applicable to the class as a whole, thereby making certification under Fed. R. Civ. P. 23(b)(2) appropriate.

## CAUSES OF ACTION

### COUNT I – Negligence and/or Wantonness

31. Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

32. Defendants had a duty to Plaintiff and to members of the Class to design, manufacture and sell products with conform to their intended and advertised purposes.

33. Defendant breached this duty by failing to exercise ordinary and reasonable care in the manufacture and sale of its firearms with rubber molded inserts.

34. The negligence or wantonness of Defendant, its agents, servants and/or employees, includes the foregoing as well as the following acts and/or omissions:

  a. Designing, manufacturing, distributing, marketing and/or selling firearms with rubber molded inserts without adequately testing their long-term performance for their ordinary, intended and advertised purposes; and

  b. Negligently or wantonly concealing information concerning the defective nature of its firearms with rubber molded inserts.

35. Plaintiff and the Class members have been damaged because the

performance of the firearms with rubber molded inserts do not perform their ordinary and intended purposes.

36. Plaintiff and the Class members' damages were proximately caused by Defendant's negligence.

37. Plaintiff and the Class members have also been damaged as a direct and proximate result of the negligence, carelessness, recklessness, willfulness and/or wantonness of Defendant as aforesaid.

38. As Defendant's conduct was grossly negligent, reckless, willful, wanton, intentional, or the like, Plaintiff and the Class members are entitled to an award of punitive damages.

## COUNT II – Breach of Implied Warranties

39. Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

40. At all times relevant to, there was a duty imposed by law which requires a manufacturer's or seller's product to be reasonably fit for the purposes for which such products are used and that the product be acceptable in trade for the product description.

41. Defendant breached this duty by selling its firearms with rubber molded inserts in their stocks and fore-ends which were not merchantable.

42. Defendant was notified that its product was not merchantable within a reasonable time after the defect manifested itself to Plaintiff and the members of the Class.

43. As a result of the non-merchantability of Defendant's firearms with rubber inlayed stocks and fore-ends, Plaintiff and other Class members sustained a loss or damages.

### COUNT III – Unjust Enrichment

44. Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

45. Plaintiff and Class members conferred a benefit on Defendants when they purchased firearms from Defendants.

46. Defendants have been unjustly enriched in retaining the revenues derived from Class members' purchases of Defendant's firearms with rubber molded inserts, the retention of which under these circumstances in unjust and inequitable because Defendants' firearms with rubber molded inserts were defective in design, was not fit for its ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and/or warranties disseminated by Defendants nor the reasonable expectations of ordinary consumers and caused the Plaintiff and Class members to lose money as a result thereof.

47. Plaintiff and Class members suffered a loss of money in an amount to be proven at trial as a result of Defendant's fraudulent concealment and nondisclosure because: (a) they would not have purchased Defendants' firearms with rubber molded inserts on the same terms if the true facts concerning the firearms' defects had been known; (b) they paid a price premium due to the fact that the Defendants' firearms would be free from defects; and (c) the firearms with rubber molded inserts did not perform as promised.

48. Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

49. Plaintiff and the Class members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendant from their deceptive, misleading and unlawful conduct.

### COUNT IV – Declaratory Relief 28 U.S.C. § 2201

50. Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

51. Defendant has acted or refused to act on grounds that apply generally

to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2). Plaintiff seeks a ruling that:

a. Defendants' synthetic stock and fore-end rubber molded inserts degrades after several years of ordinary and intended use of Defendant's firearms;

b. Said defect is not detectable until after any warranty provided by Defendant has expired;

c. Defendants will cease the sale or distribution of firearms or other products assembled with similar components until such time as said defect has been corrected; and

d. Defendants will recall and/or repair all such firearms containing the rubberized stock and fore-end inlay which they sold or distributed since 1999.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for a judgment against Defendants as follows:

a. For an order certifying the Class, pursuant to FRCP Rule 23, appointing Plaintiff as representative of the Class, and appointing the law firms representing Plaintiff as Class Counsel;

b. For compensatory damages sustained by Plaintiff and the Class;

c. For equitable and/or injunctive relief for the Class;

d. For payment of costs of suit;

e. For both pre-judgment and post-judgment interest on any amounts awarded;

    f. For punitive damages;

    g. For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and

    h. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of the Class members, hereby demands a trial by jury as to all issues except issues of law.

Dated: January 31, 2022          Respectfully Submitted,

*/s/ W. Lewis Garrison, Jr.*
W. Lewis Garrison Jr. (3591-N74W)
Mark R. Ekonen (0204-R79E)
Christopher B. Hood (2280-S35H)
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
Ph: 205.326.3336
william@hgdlawfirm.com
mark@hgdlawfirm.com
chood@hgdlawfirm.com

*Attorneys for Plaintiff*